Mr. Justice Story
delivered the opinion of the Court.
This cause comes up from the Circuit Court for the southern district of New-York, upon a certificate of division in the opinions of the Judges of that Court. The prisoner, Josef Perez, was put upon trial for a capital offence, and the jury, being unable to agree, were discharged by the Court from giving any verdict upon the indictment, without the consent of the prisoner, or of the Attorney for the United States. The prisoner’s counsel, thereupon, claimed his discharge as of right, under these circumstances; and this forips tlife point upon which the Judges were divided. The question, therefore, arises, whether the discharge of the jury by the Court from giving any verdict upon the indictment, with which they were charged, without the consent of the prisoner, is a bar to any future trial for the same offence. If it be,. then lie is entitled to be discharged from custody; if not, then he ought to be held in imprisonment *580 until such trial can be jr.ad.- We are of opinion, ^,at Bie ^acts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defence. We think, that in all cases of this nature, the law has invested Courts of justice with the authority discharge a jury from giving any vejrdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or'the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere. with any of the chances of life, in favour of prisoner. But, after all, they have the right order, the discharge; and the security which public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, in other cases, upon the responsibility of the Judges, under their oaths of office. We are aware there is some diversity of opinion arid pracon this subject, in the American Courts ; but, weighing the question with due deliberation, are of opinion^ that such a discharge constitutes bar to further proceedings, and gives no right exemption to the prisoner from being again put trial. A certificate is to be directed to the Circuit Court, in conformity to this opinion.
*581 Certificate. This cause cafrie on, &c. On consideration whereof, it. is ordered by the Court, that it be certified to the Circuit Court of the District of New-York, that, under the circumstances stated in' the record, the prisoner, Josef Perez, is not entitled to be discharged from custody, and may again be put to trial, upon the indictmentfound against him, and pending in the said Court.-'