Nedder v. Rivier College        CV-95-116-SD  03/25/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Mary Nedder


        v.                          Civil No. 95-116-SD


Rivier College


O R D E R


        This order addresses the issues raised by certain pending pleadings.[1]


1.  Defendant's Objection to the Introduction of the Expert

Medical Testimony of Renee Jacobs, M.D. (document 36)

        By virtue of the court's prior rulings on summary judgment,

the only issues remaining for trial in this case are the

perceived disability of plaintiff[2] and plaintiff's claim for

breach of contract.  Nedder v. Rivier College, 944 F. Supp. 111,

_____

        [1]In each instance, the pleading filed by the defendant is
entitled "objection".  The court treats each pleading as a motion
in limine.

        [2]Under the Americans with Disabilities Act (ADA), one of the
alternative definitions of disability is whether the employer
"regarded [plaintiff] as having" a "physical or mental impairment
that substantially limits one or more of the major life
activities of [plaintiff]."  42 U.S.C. § 12102(C), (A).

115-21 (D.N.H. 1996).[3] Because actual disability is no longer an issue, defendant moves to exclude, on grounds of relevance, the expert testimony of plaintiff's treating physician.

Plaintiff objects, suggesting that such evidence as Dr. Jacobs can provide is admissible on the issues of perceived disability and breach of contract, as well as on damages. Document 40.[4]

To prevail on her theory of perceived disability, plaintiff must show either that (1) while she had a physical or mental impairment, it did not substantially limit her ability to perform major life activities, or, alternatively, that (2) she did not suffer at all from a statutorily prescribed physical or mental impairment, but defendant treated the impairment as substantially limiting one or more of her major life activities. Cook v. State of R.I. Dep't of Mental Health, Retardation & Hospitals, 10 F.3d 17, 25-26 (1st Cir. 1993).[5] And where, as is here the case,

---

[3]Plaintiff here contends that defendant's faculty handbook states that defendant does not discriminate on the basis of handicap and that this was part of her employment contract with defendant.

[4]Local Rule 7.1(4) forbids the filing of reply memos without leave of this court. Defendant has filed a response to plaintiff's objection in violation of this rule. Document 41. This violation is overlooked for this time only, but counsel are cautioned to adhere to the strictures of the rule in the future.

[5]Cook applied section 504 of the Rehabilitation Act of 1973, which is interpreted in nearly the same fashion as the ADA. Nedder, supra, 944 F. Supp. at 120 & n.13.

2

sufficient lay testimony is available to permit the jury to make "its own judgment as to what the employer may have perceived, rightly or wrongly" about plaintiff's condition, medical testimony is unnecessary. <u>Katz v. City Metal Co.</u>, 87 F.3d 26, 33 (1st Cir. 1996).

As concerns the need for medical testimony, concerning the breach of contract claim, the court finds that the parameters of such claims are the same as those of the ADA claim; that is, the only issue for jury consideration is whether defendant perceived that plaintiff was disabled. It follows that medical testimony should also be excluded on the breach of contract claim.

There is merit, however, to plaintiff's claim that Dr. Jacobs can testify concerning damages arising from mental anguish caused plaintiff over her job loss. If qualified so to testify,[6] then Dr. Jacobs will be allowed to present evidence on this limited damage issue.

Accordingly, defendant's motion in limine, <u>supra</u> note 1, is granted in part and denied in part. Dr. Jacobs will not be allowed to testify on the issue of plaintiff's perceived disability, but will be permitted to testify on plaintiff's claim of mental anguish resultant from her job loss. In light of this

---

[6]<u>See</u> <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993); <u>United States v. Montas</u>, 41 F.3d 775 (1st Cir. 1994), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 1986 (1995).

3

limitation, plaintiff is to make available to defendant, at defendant's expense, a complete copy of Dr. Jacobs' file not later than April 10, 1997.[7]

2. Defendant's Objection to the Introduction of the February 10, 1995, Letter of Dr. Jacobs (document 42)

The letter at issue, addressed "To Whom It May Concern," concerns plaintiff's walking restrictions.  For the reasons already outlined, it is not admissible at trial, and defendant's motion is accordingly herewith granted.

3. Conclusion

The court has granted in part and denied in part defendant's motion in limine seeking to exclude the testimony of Dr. Jacobs. Document 36.  As the doctor, if found qualified, will be allowed to testify on the issue of plaintiff's mental anguish, plaintiff's counsel is to provide defendant's counsel, at the expense of defendant, a complete copy of the doctor's file by

_____

[7]In its motion, defendant sought the alternative remedy of access to the file if the motion was denied.  The parties dispute whether the complete file was made available to defendant's counsel at the deposition of Dr. Jacobs, and the court herewith resolves this dispute by granting such access to defendant at its expense.

April 10, 1997.  The motion seeking exclusion of the February 10, 1995, letter of Dr. Jacobs is granted.  Document 42.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

March 25, 1997

cc:    Paul McEachern, Esq.
       Daniel P. Schwarz, Esq.